IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM R. SMITH,
      Petitioner,

vs.                               Case No.:  3:14cv247/MCR/EMT

JULIE L. JONES,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 16).  Petitioner filed a response in opposition to the motion (doc. 18).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

      The procedural background of this case is established by the state court record (doc. 16).[1] Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 96-888,

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 16) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

with one count of grand theft auto (a third degree felony) and one count of resisting an officer without violence (a first degree misdemeanor) (Ex A).  The factual basis for the grand theft charge was that between September 7 and September 14 of 1995, Petitioner knowingly obtained or used a 1988 Honda Elite motorcycle owned by Charles A. Hanson, with the intent to temporarily or permanently deprive Hanson of a right or benefit to the motorcycle (*id.*).  Petitioner pleaded nolo contendere to the charges, and in a judgment rendered May 6, 1996, the court adjudicated Petitioner guilty and sentenced him to concurrent terms of nine months in the county jail, with pre-sentence jail credit for one day (Ex. B).  Petitioner did not appeal the judgment.

On October 18, 2012, Petitioner filed a Motion to Dismiss the grand theft count, with an attached affidavit of Randolph Smith (Ex. C).  The affidavit, executed on September 30, 2012, states:

> I Randolph Smith write this Affidavit on behalf of William Smith.  On 9-15-95, I was at the Happy 7 on Old Corry [sic] Field Road waiting on a sale when this smoker came up on a red scooter and tells me to give him something for it and about 3 day [sic] later I was in the Circle and let William Smith ride my scooter and when he went to jail I never told the office [sic] it was my scooter.  Now I want to do what is right for once in my life and let it be known that William did not steal that scooter. I let him ride it.  He just did not tell on me.

(Ex. C).[2]  On January 24, 2013, the state circuit court issued an order construing Petitioner's motion as a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. D).  The court struck the motion as facially insufficient, with leave to file an amended motion within sixty days (*id.*).  Petitioner filed an amended Rule 3.850 motion on March 18, 2013 (Ex. E at 20–26).  The state circuit court summarily denied the motion an untimely in an order rendered September 24, 2013 (*id.* at 48–50).  Petitioner appealed the decision to the First DCA, Case No. 1D13-5385 (Ex. E. at 51, Ex. F).  On March 19, 2014, the First DCA affirmed the decision per curiam without written opinion (Ex. H).  Smith v. State, 136 So. 3d 1219 (Fla. 1st DCA 2014) (Table).  The mandate issued May 23, 2014 (Ex. K).

---

[2] Petitioner provided the state court with definitions of some of the terms and phrases used by Randolph Smith, as well as Petitioner's interpretation of the affidavit (*see* Ex. E at 23 nn.5–6).  Petitioner told the court that a "smoker" is "street lingo" for "someone who smokes crack cocaine, an addict."  He explained, "what Randolph Smith is saying, is that:  someone who smokes crack cocaine approached him and offered to give him (Randolph) the red scooter in exchange for a few pieces of crack cocaine."

Petitioner filed the instant federal habeas action on May 27, 2014 (doc. 1).  He raises the following ground for relief:

> Ground One: "3.850(B)(1) newly discovered [sic] and manifest of injustice [sic] and presented one sworn affidavit in support of my claim."

(doc. 1 at 5).  Petitioner states that the 1996 grand theft conviction was used to enhance a subsequently imposed sentence, which he is currently serving, from fifteen to thirty years (*see* Ex. 18).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent argues that the limitations period should be calculated from the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A), which is June 5, 1996 (*see* doc. 16 at 3–4). Petitioner does not argue that a different statutory trigger applies, nor do the allegations of his §

2254 petition suggest that a different trigger applies.[3]  Indeed, Petitioner admits in his reply that § 2244(d)(1)(A) is the applicable trigger for the limitations period (doc. 18 at 6).

Petitioner did not appeal the judgment of conviction and sentence; therefore, it became final thirty days after its rendition, on June 6, 1996.[4]  *See* Hampton v. State, 837 So. 2d 611 (Fla. 5th DCA 2003) (absent direct appeal, the judgment and sentence became final 30 days after rendition); Davis v. State, 693 So. 2d 700 (Fla. 2d DCA 1997) (same); Gust v. State, 535 So. 2d 642 (Fla.1st DCA 1988) (same).  The one-year deadline for filing a § 2254 petition expired one year later, on June 7, 1996.  On or before that date, Petitioner did not file his § 2254 petition in this court, nor did he file any post-conviction applications in state court that qualified for statutory tolling under § 2244(d)(2).

In Petitioner's reply, he asserts he is entitled to equitable tolling, because he has no knowledge of the law or legal procedures and is relying on a "law clerk/jailhouse lawyer" to assist him (doc. 18 at 5).  "Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case."  Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)).  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland, 560 U.S. at 649 (internal quotation marks omitted).  As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied

---

[3] The trigger set forth in § 2244(d)(1)(D) does not apply, because Petitioner does not allege he was unaware of the facts asserted in Randolph Smith's affidavit until after his conviction became final on June 6, 1996.  Indeed, he admitted in his amended Rule 3.850 motion that upon his arrest on September 18, 1995, he informed the arresting officer that Randolph Smith had loaned him the motorcycle, and that Randolph had left the State to avoid arrest and/or prosecution for "other violations of the law" (Ex. E at 21).  Petitioner alleged he also informed defense counsel that Randolph Smith had loaned him the motorcycle (*id.*).  Petitioner alleged defense counsel nonetheless advised him to accept the State's 9-month plea offer because it would be difficult to convince a jury that the motorcycle was loaned to Petitioner (*id.* at 21–22).  He alleged he followed defense counsel's advice, and accepted the State's plea offer of a 9-month county jail sentence because he feared going to state prison (*id.* at 21).  He alleged Randolph Smith was not located until "recently" when he visited Petitioner's mother, and Petitioner immediately made efforts to obtain the affidavit (*id.* at 22).

[4] Petitioner argues the "finality" date is March 19, 2014, the date of the First DCA's mandate in the post-conviction appeal (*see* doc. 18 at 6).  However, the "judgment" referred to in § 2244(d)(1)(A) is the judgment of conviction and sentence in the underlying criminal proceeding, not a decision in a post-conviction collateral proceeding.

sparingly." <u>Cadet v. Fla. Dep't of Corr.</u>, 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted).

Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the subject case. <u>Hutchinson v. Florida</u>, 677 F.3d 1097, 1098 (11th Cir. 2012); *see* <u>Holland</u>, 560 U.S. at 649–50 (clarifying "the exercise of a court's equity powers must be made on a case-by-case basis" (internal quotation marks and ellipsis omitted)). The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. <u>Hutchinson</u>, 677 F.3d at 1099. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." <u>Holland</u>, 560 U.S. at 653 (internal citation and quotation marks omitted); *see* <u>Smith v. Comm'r, Ala. Dep't of Corr.</u>, 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts") (internal quotation marks omitted). Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period. <u>Cole</u>, 768 F.3d at 1158 (quotation marks and citation omitted).

Petitioner's lack of legal knowledge and reliance on a "law clerk/jailhouse lawyer" to assist him are not rare and exceptional circumstances. *See, e.g.,* <u>Wakefield v. R.R. Ret. Bd.</u>, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling"); <u>Whiddon v. Dugger</u>, 894 F.2d 1266, 1267 (11th Cir. 1990) (rejecting habeas petitioner's argument for cause based "on his nonlawyer status, on what he sees as poor advice by inmate law clerks, and on a contention that he ought to have had legal assistance in preparing his collateral petition"); *see also* <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for fifteen days, entitled petitioner to equitable tolling of limitations period); <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000) (habeas petitioner's pro se status and ignorance of the law are not "'rare and exceptional' circumstances because they are typical of those bringing a § 2254 claim."); <u>DeLeon v. State of Fla. Dep't of Corr.</u>, 470 F. App'x 732, 734 (11th Cir. 2012) (unpublished) ("The lack of a legal education [and] the absence of legal counsel in this collateral

context . . . do not excuse a failure to file a § 2254 petition in a timely fashion."). Because Petitioner does not allege the existence of any extraordinary factual circumstance that prevented him from filing a timely § 2254 petition, he is not entitled to equitable tolling.

Petitioner additionally argues he is entitled to review of his claim through the "actual innocence" exception to the time bar (doc. 18). In McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that there is an "equitable exception" to the statute of limitations set forth in § 2244(d), but only when the petitioner presents new evidence that shows it is more likely than not that no reasonable juror would have convicted him. 133 S. Ct. at 1928, 1931, 1933. The Court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) and citing House v. Bell, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

The Supreme Court stated in Schlup:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

513 U.S. at 327.

Although a habeas petitioner asserting a convincing claim of actual innocence need not prove diligence to overcome a procedural bar, timing is a factor relevant in evaluating the reliability of a petitioner's proof of innocence. See McQuiggin, 133 S. Ct. at 1935. As the Court stated in Schlup, "[a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]." 513 U.S. at 332; see also House, 547 U.S. at 537.

The Supreme Court has explained that "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). Further, a voluntary and intelligent plea of guilty made by an accused, who has been advised by competent counsel, is not vulnerable to collateral attack. Id. 614 U.S. at 621.

Here, Petitioner does not allege that any constitutional error occurred in the plea process (i.e., that any circumstance rendered his plea unknowing or involuntary).  As previously noted, Petitioner stated in his amended Rule 3.850 motion, which he signed under penalty of perjury, that both he and defense counsel knew, prior to entry of his plea, that Randolph Smith loaned Petitioner the motorcycle (Ex. E at 21).  Petitioner stated that defense counsel nonetheless advised him to accept the State's 9-month plea offer because it would be difficult to convince a jury that the motorcycle was loaned to Petitioner (*id.* at 21–22).  Petitioner stated he followed defense counsel's advice, and accepted the State's plea offer of a 9-month county jail sentence because he feared going to state prison (*id.* at 21).  Petitioner does not allege he would have rejected the State's plea offer if he had known the additional facts included in Randolph Smith's affidavit (i.e., that Smith obtained possession of the motorcycle by exchanging crack cocaine for it).  Even if Petitioner would have rejected the State's offer if Randolph Smith had been available to testify, and would have testified consistently with his affidavit, there is no evidence that Randolph Smith was either available or willing to testify.

Petitioner failed to demonstrate he is entitled to proceed through the "actual innocence" gateway to the time bar.  Therefore, his federal habeas petition should be dismissed as untimely.

Moreover, notwithstanding the time bar, a freestanding claim of actual innocence has not been recognized by the Supreme Court or the Eleventh Circuit as a cognizable claim in non-capital habeas cases.  Indeed, the Eleventh Circuit's view of such claims is well settled:

> "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  Herrera v. Collins, 506 U.S. 390, 400, 113 S. Ct. 853, 860, 122 L. Ed. 2d 203 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial.  "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact."  *Id.*

Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002); *see also* Mize v. Hall, 532 F.3d 1184, 1195 (11th Cir. 2008); Jordan v. Sec'y Dep't of Corr., 485 F.3d 1351, 1356 (11th Cir. 2007) (refusing to consider a claim of actual innocence in a non-capital case because "our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital

cases"). Therefore, even if the court considered Petitioner's claim notwithstanding the time bar, his claim is not cognizable on federal habeas.

## III.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. Rule 11(a) additionally provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Respondent's motion to dismiss (doc. 16) be **GRANTED**.

2.    That the habeas petition (doc. 1) be **DISMISSED** with prejudice as untimely.

3.    That a certificate of appealability be **DENIED**..

At Pensacola, Florida, this 21ˢᵗ day of April 2015.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

   **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**